In re PILLING.
Patent Appeal No. 2507.

Court of Customs and Patent Appeals.
Dec. 1, 1930.

Wesley G. Carr, of Pittsburgh, Pa. (Raymond Jones, of Washington, D. C., and John Mahoney, of East Pittsburgh, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from a rejection by the Patent Office of claims numbered 9, 10, and 11, in appellant's application for a patent, Serial No. 736,824, filed September 10, 1924. These claims were rejected by both the examiner and the Board of Appeals, and are as follows:

"9. An alloy consisting of nickel, copper and manganese which has a substantially zero temperature coefficient of resistance in which the nickel is more than 45% and less than 50%, the copper is less than 35% and more than 10% and the manganese is 20% to 40%.

"10. An alloy consisting of nickel, copper and manganese which has a substantially zero temperature coefficient of resistance in which the nickel is 45% to 55%, copper is 25% to 5% and the manganese is more than 30% and less than 40%.

"11. An alloy consisting of nickel, copper and manganese which has a substantially zero temperature coefficient of resistance in which the nickel is 50% to 55%, copper is 20% to 5% and manganese is at least 30% and not more than 40%."

As grounds of rejection the references Driver No. 993,042, claims 2, 4, and 12, and Driver No. 981,542, claims 4 and 20, were relied upon by the Board of Appeals.

■ The application upon which the appellant seeks a patent relates to alloys for use for electrical resistance purposes, and is sufficiently explained for the purposes of this case in the claims above quoted.

Claim 8 of appellant, which specified an alloy consisting of a composition of nickel 51 per cent., copper 17 per cent., and manganese 32 per cent., was allowed by the Patent Office.

The Board of Appeals stated in its decision, among other things, the following:

"The alloy proportions stated in the claims approximate the proportions stated in claims 2, 4 and 12 of Driver, No. 993,042, and claims 4 and 20 of Driver No. 981,542, and nothing in the way of evidence has been presented by appellant to show that the alloys of Driver will not have the same, or approximately the same, properties as alloys within the range of proportions of metals stated in the rejected claims."

On reference to the Driver patent 981,-542, claims 4 and 20, we find the following:

"4. An electrical resistance element containing copper, with from ten to fifty per

cent. (10–50%) of manganese and from ten to fifty per cent. (10–50%) of nickel."

"20. A composition of matter containing copper, with from twenty per cent. to forty per cent. (20%–40%) of manganese, and from ten per cent. to forty per cent. (10%–40%) of nickel."

Claims 2, 4, and 12, of the Driver reference 995,042 are as follows:

"2. An alloy consisting of nickel not less than fifty per cent., manganese from ten to thirty per cent., and the remainder of copper, said alloy having the characteristics specified."

"4. An alloy containing fifty per cent. (50%) or more of nickel, ten per cent. (10%) or more of manganese, and forty per cent. (40%) or less of copper."

"12. An electrical resistance consisting of an alloy containing fifty per cent. (50%) or over of nickel, about from ten per cent. to thirty per cent. (10%–30%) of manganese, and not more than forty per cent. (40%) of copper."

We are unable to see any disclosure in the present application which seems to be a development of the art over and above the quoted Driver disclosures. For instance, in claim 9 of the present application, the applicant states that he proposes an alloy to have a content of nickel not more than 45 per cent. and less than 50 per cent., a copper content less than 35 per cent. and more than 10 per cent., and a manganese content of from 20 to 40 per cent. It will thus be seen that there is here a spread of 5 per cent. in the nickel content, 25 per cent. in the copper content, and 20 per cent. in the manganese content. Compare with this claim 2 of 993,042, and we find not less than 50 per cent. of nickel, from 10 to 30 per cent. of manganese, and the balance of copper, which would, of course, vary according to the quantities of the other metals used. The spread of the formula in each case covers the same territory, and there is therefore no invention of one over the other. Based on this fact, the references are properly cited in refusing the claims in question.

We are not here passing upon the patentability of the composition as outlined in the Driver claims quoted, or upon the correctness of the action of the Patent Office in granting the Driver patents on the quoted claims therein. The usual and ordinary rule in references is that the patent must describe the invention in such full, clear, and exact terms as to enable any person skilled in the art or science to which it appertains, to make, construct, and practice the invention. Westinghouse Elec. & Mfg. Co. v. Saranac Elec. Light Co. (C. C.) 108 F. 221, 227; Underwood Typewriter Co. v. Elliott-Fisher Co. (C. C.) 165 F. 927, 930; Parker Rust Proof Co. v. Ford Motor Co. (D. C.) 6 F.(2d) 649, 654; In re Crowell (Patents) 39 F.(2d) 681 (Cust. & Pat. App.); Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 S. Ct. 444, 55 L. Ed. 527.

Whether Driver did this or not is not now important. It is only important to note that his disclosures were as definite and precise as are those of the appellant here.

The decision of the Board of Appeals is affirmed.

Affirmed.