## In re LOTHROP. *
### Patent Appeal No. 2962.

Court of Customs and Patent Appeals.
May 23, 1932.

Samuel Herrick, of Washington, D. C., and Carr, Carr & Gravely, of St. Louis, Mo., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

*Rehearing denied June 20, 1932.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, 1 to 4, inclusive, in appellant's application for a patent for an alleged invention relating to an alloy steel, composed of iron, carbon, manganese, and molybdenum.

The claims read as follows:

"1. An alloy steel containing carbon, manganese from about 1.30% to about 1.60% and molybdenum from about .20% to about .30%.

"2. An alloy steel containing carbon from about .12% to about .30%, manganese from about 1.30% to about 1.60% and molybdenum from about .20% to about .30%.

"3. An alloy steel containing carbon from about .15% to about .20%, manganese from about 1.30% to about 1.60% and molybdenum from about .20% to about .30%.

"4. An alloy steel containing carbon from about .15% to about .20%, manganese over 1.30% and molybdenum from about .20% to about .30%."

The reference relied upon is: Sargent et al., 1,401,926, December 27, 1921.

The patent to Sargent et al. relates to an alloy steel, composed of carbon, manganese, and molybdenum. In their specification, the patentees stated: "The steel alloy which we provide contains no more than about .80% carbon, from about 1.15% to 3% manganese, and *from a fraction* of 1% to 1.25% molybdenum. The remainder of the alloy is iron with the exception of impurities, such as sulphur and phosphorus, which are usually found in steels. While the invention *contemplates alloy steels of the range of analysis just stated*, the preferred steel contains from about .30% to .50% carbon, about 1.25% manganese and from about .25% to .75% molybdenum." (Italics ours.)

It is argued by counsel for appellant that, although the patent to Sargent et al. discloses an alloy steel composed of the same ingredients as those contained in appellant's product, it specifies proportions quite different from those disclosed and claimed by appellant; that the patent "permits a very wide range for each ingredient, and *that the proportion of each ingredient of applicant's steel falls within such wide range of the cor-*

*responding ingredient of the patent."* (Italics ours.)

It is further contended by counsel for appellant that it appears from an affidavit of record that appellant's steel possesses different properties, and is adapted for uses for which the patentees' preferred steel is wholly unfit, and that this is true of all of the other steels "within the range" of the Sargent et al. patent.

It appears from the affidavit of Walter G. Hildorf that appellant's alloy steel is used in the manufacture of "cups, cones and rollers for roller bearings and other articles. * * * Prior to the invention of this Lothrop alloy steel, roller bearings were made of a nickel molybdenum or other nickel alloy steel, which was very expensive on account of the high price of nickel and factors incident to manufacturing operations. The Lothrop alloy steel is rapidly superseding and will in time entirely supersede such high priced nickel alloy steel in the manufacture of roller bearings by The Timken Roller Bearing Company, which produces probably upwards of 90% of all taper roller bearings made in this country." The affidavit also stated that: "For the purpose of comparison, I attach hereto three sets of photomicrographs of two alloy steels, one of which, marked Steel I is of the formula C .18, Mn 1.42, Mo .24 and thus conforms to the Lothrop application, while the other alloy steel marked Steel II is of the formula C .15, Mn 2.90, Mo .23 and thus represents the Sargent & Weitzenkorn patent."

Other illustrations were presented in the affidavit showing analyses of alloy steel within the limits of the Sargent et al. patent, together with illustrations of formulas referred to as being within the limits of appellant's application, for the purpose of showing the differences in the alloy steels produced from the various formulas referred to by the witness.

It may be observed in this connection that, although the witness stated that a formula consisting of carbon .15 per cent. and different proportions of manganese and molybdenum came within the Sargent et al. patent, he did not point out that the alloy steel marked "Steel I * * * of the formula C .18, Mn 1.42, Mo .24," and other alloy steels, which, he stated, came within the range of appellant's application, also came squarely within the limits of the Sargent et al. patent. Furthermore, appellant is claiming nothing more than an alloy steel containing, in varying proportions, carbon, manganese, and molybdenum. He, too, covers a rather wide range for each ingredient, admittedly within the "range of the corresponding ingredients of the patent." The claims do not cover the alleged discovery of a new use for alloy steel.

In view of these facts, our decision in the case of In re Pilling, 44 F.(2d) 878, 879, 18 C. C. P. A. 703, is applicable to the issues here. We there said: "The spread of the formula in each case covers the same territory, and there is therefore no invention of one over the other."

For the reasons stated, the decision is affirmed.

Affirmed.