28 C.C.P.A. (Patents)

## In re LINCOLN et al.
### Patent Appeal No. 4389.

Court of Customs and Patent Appeals.

May 5, 1941.

Oberlin, Limbach & Day, of Cleveland, Ohio, for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting in view of the prior art all of the claims, 1 to 10, inclusive, of an application for a patent for alleged new and useful improvements in lubricating oils.

Claims 1, 9 and 10 are illustrative and read as follows:

"1. A lubricating oil comprising in combination a major portion of a hydrocarbon oil and a minor portion of a chlorinated, acetylated ester of a fatty acid.

"9. The method of reducing friction between relatively moving metallic surfaces which comprises maintaining therebetween a film of lubricating oil and at the same time chemically acting upon said surfaces by means of a chlorinated acetylated methyl ester of a fatty acid constituent present in said oil film in quantities less than 10%.

"10. An extreme pressure lubricant comprising essentially mineral oil and including a small amount, less than 10%, of a chlorinated acetylated ester of a fatty acid, the amount of such ester being sufficient to substantially increase the film strength of the mineral oil but not sufficient to substantially modify the static properties of the composition."

The reference cited is: Mikeska et al., 2,049,072, July 28, 1936.

The application relates to a lubricating oil comprising in combination a major portion of hydrocarbon oil with a minor portion of a chlorinated acetylated ester of a fatty acid. The addition of the latter ingredient to the said oil results in an increase in the film strength of the oil and gives to the lubricant a high oiliness and extreme pressure characteristics.

The method of claims 8 and 9 merely sets out the use of the lubricant defined in the balance of the claims. Claims 1, 2, 3, 4 and 5 specify particular esters; claims 6 and 7 fix the quantity of the added ester at from about 0.1% to less than 10%, and claim 10 fixes the quantity at less than 10%.

The Mikeska et al. patent relates to improved lubricants and to methods of preparing the same. The first paragraph thereof contains the following statement: "* * * More particularly it relates to the preparation of lubricants by blending with a mineral oil the product obtained by esterification of hydroxy groups in natural or synthetic fatty acids or glycerides, with special reference to castor oil, with or

without subsequent stabilization of said esterified product as by hydrogenation."

The patent sets out that in carrying out the esterification reaction either organic acids themselves may be used or their corresponding anhydrides or chlorides. Among the methods of esterification in the patent there is described treatment with acetyl chloride. Acetyl chloride is a reaction product of acetic acid and phosphorous trichloride. In addition to the optional stabilization by hydrogenation, the patent further states that the esterified product may be stabilized by halogenation, alkylation, arylation or hydroxylation. The patent also states that from 5 to 50 percent, more or less, of the esterified substance is contained in the product.

The examiner held claims 1 to 7, inclusive, and claim 10 to be met in substance and completely anticipated by the reference and further held that claims 1 to 5, inclusive, contain no distinction whatever from the Mikeska et al. patent. He stated he believed the recitals in claims 6, 7 and 10, that "the film strength of which [lubricant] has been substantially increased by the addition thereto" do not distinguish over the reference patent.

Certain of the claims of the appellants' application refer to "less than 10%," "from 0.1% to less than 10%," and a "minor proportion" in designating the quantity of esterified substance to be added to the hydrocarbon oil.

The appellants contended that these proportions distinguish from the teaching of the patent which provides that "Generally from 5 to 50%, more or less, of the esterified product will be sufficient to impart the desired characteristics to the mineral oil." With this contention, however, the examiner did not agree.

With respect to method claims 8 and 9, the examiner pointed out that there is nothing in the specification of the application to support any alleged distinction between it and the Mikeska et al. patent in the phrase of the claims herein "Chemically acting upon said surfaces," because such function of the lubricant is not disclosed in either, and that even if this function were present it would necessarily follow from the practice of the patent and therefore is not new or distinctive.

The Board of Appeals, in its affirming decision, agreed with the reasoning and conclusions of the examiner.

■ It is clear that method claims 8 and 9 merely set out the use of the claimed product, so that if the product claims are held to be unpatentable the same holding must apply to the method claims.

In their contention that the rejected claims define invention over the Mikeska et al. patent, appellants argue in their brief that the patent concerns primarily the production of a stable lubricant (one which will not in any way react with metal surfaces); that the materials sought to be stabilized are all hydroxy compounds which the patentee proposed to esterify in order to increase the stability of the material when used as or in a lubricant; that the patent fails to disclose the alleged invention of appellants in that it merely mentions halogenation broadly, not mentioning chlorination specifically, as a substitute for hydrogenation and then only as a stabilizing step; and that appellants' alleged invention is concerned with a lubricant which by reason of the material included therein will react with metal surfaces.

■ Appellants' argument that the primary purpose of the patentee was the production of a stable lubricant does not render the reference ineffective if in fact the patent discloses the alleged invention. See In re King et al., 107 F.2d 618, 27 C.C.P.A., Patents, 754, and authorities therein cited.

■ It is true that the reference teaches principally the treatment of hydroxy compounds, but the specification of appellants' dealing primarily with hydroxylated compounds states that "The acetylation comprises the introduction of the acetyl radical ($CH_3CO-$) into the hydroxy fatty acid or the hydroxy alcohol which is used to form the ester." Therefore it is clear that the acetylation by appellants is accomplished by esterification of the hydroxy group, which is disclosed by reference, even though the purpose of the patentee was stabilization, and which is shown in several examples of esterification set out in the patent and its use as described would necessarily produce acetylated esters of fatty acids.

Halogenation is mentioned once in the patent, but it is there set out as a substitute for hydrogenation. Chlorination is not mentioned specifically, as was pointed out by appellants, but chlorine seems to be, as stated in the brief of the solicitor of the

Patent Office, the representative halogen and the one most commonly used. If this be true, and we find nothing in the record to gainsay it, obviously its disclosure, while it possibly may be considered incidental, is sufficient to show that the subject of the claims is old. It appears to us however, that halogenation as mentioned in the patent is a positively stated substitution for hydrogenation.

The reference patent shows in several examples that the blends of oil and the added material are in equal ratio, but it is set out in the patent that "Generally from 5 to 50% more or less, of the esterified product will be sufficient to impart the desired characteristics to the mineral oil". Even if the greater percentages, so set out, would not possess extreme pressure quality, it cannot be questioned that the ratio of 5% corresponds to a range of less than 10% shown in some of the claims. The limitation of from 0.1% to 10% of the esters, contained in the claims, cannot be considered critical for the reason that the application provides for a ratio up to 10% or more.

We are of opinion that lubricants are disclosed by the Mikeska et al. patent which are identical with those claimed in the application of appellants, and that there is nothing critical in the quantity of the added material as set out by the rejected claims.

The Mikeska et al. patent does not teach the extreme pressure properties of the product, but nevertheless it must be considered as applicable prior art. A reference is sufficient for anticipation if the product of the application would necessarily result from the same composition disclosed in the patent.

There is nothing in appellants' specification to support the limitation "chemically acting upon said surfaces," contained in the method claims. Even if the claims were so supported, the operation of the same product disclosed in the reference would inherently possess the same chemical characteristic as that claimed. We do not think that the intended use of the lubricant as disclosed in the Mikeska et al. patent differs in manner of use from that set out in the method claims herein.

The decision of the Board of Appeals is affirmed.

Affirmed.