30 C.C.P.A.(Patents)

**In re COOPER et al.**

**Patent Appeal No. 4706.**

Court of Customs and Patent Appeals.
March 1, 1943.

---

Busser & Harding, of Philadelphia, Pa. (Frank S. Busser, of Philadelphia, Pa., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of all of the claims, 1 to 4 inclusive, 8, 9, 11, 12 and 15, of an application for a patent for alleged new and useful improvement in "High Speed Tool Steel".

Claim 1 is illustrative of the subject matter involved and reads as follows:

"1. A high speed tool steel containing more than 3% of each of the carbide-forming elements chromium, tungsten, molybdenum and vanadium, said carbide-forming elements being in such relative proportions that the percentage of none is as large as twice that of the percentage of any of the others, the total percentage of the four carbide-forming elements being less than 21%, the steel containing .65 to 1.65 carbon, the percentage of carbon being also between 2.5% and 3.1% of the total 'tungsten equivalence' percentage of all said carbide-forming elements based on the values tungsten 1.0 tungsten, chromium .6 tungsten, molybdenum 1.7 tungsten, and vanadium 6.1 tungsten; the balance being a matrix substantially of iron."

The references cited are:

Emmons, 2,084,329, June 22, 1937;
Houdremont et al., 2,209,622, July 30, 1940;
Houdremont et al., 2,209,623, July 30, 1940;
Technische Mittellingen by Krupp, 5 Johrgang, Heft 8, Nov. 1937, Seite 232.

The application relates to the production of high speed alloy steels which are steels intended for the manufacture of high speed tools. Those steels contain carbide-forming elements of chromium, tungsten, molybdenum and vanadium with a proportion of carbon which is determined by the amount of the carbide-forming elements.

The examiner rejected the claims on the grounds that they were indefinite and did not comply with the requirements of section 4888, R.S., 35 U.S.C.A. § 33. The claims were also rejected by the examiner as being unpatentable over the prior art.

The Board of Appeals did not agree with the decision of the examiner holding the claims to be indefinite, but affirmed his rejection in view of the prior art.

There was no discussion of the prior art by the Primary Examiner, and from his viewpoint of the specification and claims we can see why he thought there was no necessity for such discussion. Neither was there any discussion of the prior art in the first decision of the Board of Appeals. In a second decision upon petition for reconsideration of its first decision the board set out some calculations intended to show that the involved claims defined alloys falling within the upper range of the Houdremont et al. patent No. 2,209,622.

The specification of the instant application is long, involved, and exceedingly difficult to understand, as are likewise the claims. We have not been assisted by either of the decisions below in striving to come to a clear understanding of the claimed invention. Neither has the brief for appellants been of much aid to us in that respect. The record taken as a whole is confusing.

The Emmons patent states that its principal object is to provide an article of manufacture such as a tool having a hard and brittle nitrided surface and a supporting body of great strength and hardness. The invention is directed to methods of producing the said article, and sets out several examples of the proportionate parts of the constituents entering into their manufacture. Among these examples we find the use of carbon in various quantities running from 0.50% to 1.29%, together with varying quantities of chromium, tungsten, molybdenum and vanadium.

The Houdremont et al. patent, No. 2,-209,622, relates to high speed steels which contain from 1.0 to 1.6% carbon, from 1.0 to 6.0% chromium, from 1.0 to 6.0% molybdenum, from 2.0 to 6.0% vanadium, the remainder being substantially iron with the normal impurities.

The Houdremont et al. patent, No. 2,-209,623, relates to steels intended for the manufacture of high speed machining tools made of steel alloys which contain from 0.6 to 1.0% carbon, from 1.0 to 6.0% chromium, from 1.0 to 6.0% molybdenum, from 1.0 to 3.0% vanadium, and tungsten in a quantity amounting to at least 50% of the molybdenum content and ranging from 1.0 to 4.0%, the remainder substantially of iron with normal impurities.

It is not necessary to discuss the fourth reference.

The board in affirming the rejection on the prior art stated in its first decision as follows:

"However, the claims stand rejected on the art and we believe this is a proper ground of rejection. It seems to us that certain of the alloy constituents described as combined in the various references closely approximate the definitions in these claims and that being true, there can be no patentability in the discovery of a general formula if it covers a number of high speed tool steel compositions described in the prior art.

"We have noted that neither the applicants nor the examiner discuss this matter in detail."

In its decision on the petition for reconsideration the board pointed out wherein the Houdremont et al. patent, No. 2,209,-622, disclosed in its upper range a steel within the terms of the rejected claims, and in this respect stated as follows:

"In accordance with appellants' formula, the carbon content for an alloy containing tungsten, molybdenum, vanadium and chromium in the amounts contained in the Houdremont alloy would be 1.25 and not 1.35 as set forth in the Houdremont example. However, Houdremont discloses the carbon may range from 1 to 1.6%. The patent discloses such an alloy as tungsten 3.5, chromium 3.5, molybdenum 3.5, vanadium 3.5 which in accordance with appellants' formula would give the tungsten equivalency of 32.85 and the carbon content for such in accord with the formula would be .82 to 1.01. If the alloy containing chromium, tungsten, molybdenum and vanadium were near the upper range disclosed by Houdremont, the carbon would range from 1.36 to 1.68 with chromium, molybdenum and vanadium at 6 and tungsten at 4%. We note that this is the preferred upper range. As the carbon content of the Houdremont alloy ranges from 1 to 1.6 it is clear that the claims cover practically the entire upper range of the Houdremont alloys, i. e., all alloys containing more than 3% tungsten, chromium and molybdenum coupled with the upper range of the vanadium, that is, vanadium contents between 4 and 6%. Considering, for instance, an alloy in which tungsten, chromium and molybdenum are 3.1 and vanadium 4%. The tungsten equivalency of such an alloy in accordance with appel-

lant's formula would be 34.46 and the carbon content in accordance with the same formula would range from .86 to 1.04. Considering the same alloy as far as tungsten, chromium and molybdenum are considered with 6% vanadium, the carbon content in accordance with the formula would range from 1.17 to 1.41."

Appellants admit that one skilled in the art might, after examining the specification of the Houdremont et al. patent, No. 2,209,622, make a high speed tool steel that would come within the terms of their claims. They also admit that it might be possible, after reading the specification of the Emmons patent or the specification of the Houdremont et al. patent, No. 2,209,623, to make a steel that would come within the terms of their claims. They contend, however, that it is not a matter of certainty or even likelihood, but of speculation.

Appellants' entire contention herein is that, unless there is specifically set out in the prior art an alloy produced by their formula, such prior art may not be used in denying patentability to their claims. We cannot agree with such contention.

■ It may be, as appellants argue, that the patentees of the Houdremont et al. references had not discovered the value of proportional quantities of the various alloy materials with reference to the quantity of carbon to be used to produce the results sought by appellants, or that that value may have been purposely left in broad language without stating any specific examples of making such alloys. Nevertheless, if the prior art shows a range, as appellants apparently admit it does in this case, which includes the range claimed in their application, in the absence of the production of a different product they are not entitled to a patent. In re Gillett, 133 F.2d 910, 30 C.C.P.A., Patents, ——; In re Becket et al., 88 F.2d 684, 24 C.C.P.A., Patents, 992; In re Lothrop, 58 F.2d 429, 19 C.C.P.A., Patents, 1183; In re Pilling, 44 F.2d 878, 18 C.C.P.A., Patents, 703.

■ The appellants have set out a formula for determination of the carbon content of steel corresponding to given quantities of the alloying elements. This, however, is not patentable per se as it does not fall within any of the statutory classes of invention as set out in section 4886, R.S., 35 U.S.C.A. § 31. Patentability of the claims may not rest solely on the fact that the carbon contents specified therein are calculated from the formula.

■ We are of opinion that appellants' alloys do not differ in kind from the alloys of the Houdremont et al. patent, No. 2,-209,622. The alloys claimed by appellants fall within the upper ranges of that patent, as is shown in the second decision of the board, and in our opinion the claims were properly rejected for the reasons stated by the board.

Claim 15 differs from the other claims for the reason that it does not specify limits for the carbon content in accordance with the formula. It is broader than the other claims since the ranges of carbon to be calculated in those claims are narrower than the range given in claim 15. It is therefore unpatentable for the same reasons as the other claims.

Appellants contend that the decision of the United States Court of Appeals for the District of Columbia in the case of Becket v. Coe, Commissioner of Patents, 69 App. D.C. 51, 98 F.2d 332, supports their position. In that case the proportions specified by Becket were critical and the metal produced by him had properties different from those of the prior patents so that the metal of Becket was held by the court to constitute a new metal. No such condition exists here. The difference between appellants' alloys and those of the prior art is of degree only and not of kind.

For the reasons stated herein the decision of the Board of Appeals is affirmed.

Affirmed.