Arthur M. JOHNSEN, Jr., and George E. Kampschaefer, Jr., Plaintiffs,

v.

Edward J. BRENNER, Commissioner of Patents, Defendant.

Civ. A. No. 1582–67.

United States District Court

District of Columbia.

Dec. 19, 1968.

Felix M. deRosa, Washington, D.C., John W. Melville, and Charles H. Melville, Cincinnati, Ohio, for plaintiffs.

Raymond E. Martin, Washington, D. C., for defendant.

OPINION

HOLTZOFF, District Judge.

This is the trial of an action against the Commissioner of Patents, under 35 U.S. Code § 145, for an adjudication that the plaintiff is entitled to a patent on an application that the defendant has rejected. The application was filed by Arthur M. Johnsen, Jr., and George E. Kampschaefer, Jr., on July 10, 1962, and is numbered 208955. The title of the application is "Low Carbon, High Strength Weldable Alloy Steel".

The invention is a new steel alloy claimed to be superior in certain qualities. The fact that it is useful has been amply established by the evidence offered by the plaintiff. The question is, however, whether it is patentable. The alloy invented by the applicants is characterized by having no nickel or very little nickel, combined with a low carbon content. It is claimed that this combination makes the alloy highly weldable and desirable for certain purposes.

The claim that has been selected as typical and is being litigated in this ac-

tion is Claim 1. Unfortunately, it is phrased like so many claims that come before the Patent Office in such a way as not to disclose the invention. It merely enumerates the various components of the alloy and their proportions without indicating what constitutes the applicant's contribution. This Court had occasion to criticize somewhat emphatically claims of this type and to urge a wider use of the English or German type of claim which points out the invention.[1] It is hoped that the Patent Office, which has been approving the other type of claims since an opinion of the Commissioner back in 1917,[2] will be more insistent on use of claims of that type.

The claim in this case enumerates, as has been stated, the various components of the alloy together with the ranges of their proportions. The two carrying elements of the claim, that is the elements that constitute the invention, are first, that, "Said steel being substantially devoid of nickel", and second, that the steel consists "essentially of about .08% to .21% carbon".

As has been stated, it is asserted, and it has been shown by evidence that the particular alloy manufactured in accordance with the formula of the claim, combines both strength and weldability, and therefore it is highly useful. It has been sold on the market and has had some commercial acceptance. Numerous new alloys are frequently developed. The mere fact that an alloy is new and novel is, however, not sufficient to make it patentable. Otherwise the progress of the art would be stifled rather than encouraged because the moment somebody devises a new formula for a new alloy, nobody else could do the same thing. That is not the purpose of the patent law.

The question for decision here is whether the invention was obvious in the sense that it was the product of mechanical skill of a person reasonably skilled in the art, or whether it was the product of the inventive faculty. A reference to the prior art is necessary in order to answer this question. The principal prior art relied on by the Patent Office is the patent to Hodge, numbered 2,798,805, issued on July 9, 1957. That patent relates to railroad wheels made of alloy steels. Among other things, it discloses in column 3, line 2, that the range of the quantity of nickel used in the patentee's alloy is zero to 3%. In other words, it teaches and contemplates the possibility of an alloy free of and devoid of nickel. This feature is disclosed again in a table at the bottom of the same column. Therefore, the possibility of a steel alloy without nickel was not new or novel with plaintiffs and was contemplated by Hodge, who in the claims of his patent, in enumerating the components and the percentages of the various components of his alloy, enumerates nickel as zero to 3%.

The Examiner of the Patent Office in his answer states (page 86 of the file wrapper):

"While Hodge does disclose that nickel may be added to his alloy e.g., it is optional. He also discloses species of his alloy containing no nickel."

Again the Examiner states (page 88):

"Other objects and problems are shared in common by the appellants and Hodge, such as obtaining a low carbon, high strength steel with improved elevated temperature properties."

The Board of Appeals of the Patent Office affirmed the ruling of the Examiner, stating:

"We will sustain this rejection for the reason given in the Examiner's answer since we are convinced that the claimed alloy and the structure would have been obvious from the references relied on."

1. Blair v. Westinghouse Electric Corp., D.C., 291 F.Supp. 664.

2. In re Jepson, Commissioner of Patents, 1917, p. 60.

**62**

Again the Board says:

"Hodge, et al., attributed to a nickel free alloy, the best high temperature yield and tensile strength."

█ We are dealing with a crowded art and only those steps can be rewarded with a patent that are beyond the scope of the routine work of a person ordinarily skilled in the art. They must be the result, as has been said, of the inventive faculty.

In Becket v. Coe, 69 App.D.C. 51, 98 F.2d 332, 336, the Court of Appeals stated:

"Patentability of an alloy upon the basis of new proportions of old elements requires that the new proportions give a new result; either a new alloy, or an old alloy with new characteristics which result in entirely new, or substantially enhanced, qualities of utility."

The Courts, while at times allowing patents on alloys, have done so but sparingly for the reasons already stated. Application of Nehrenberg, 280 F.2d 161, 47 CCPA 1159. Application of Selmi, 156 F.2d 96, 99, 33 CCPA 1187.

█ This Court perceives no reason for overturning the decision of the two tribunals of the Patent Office. To some extent the question of obviousness in an art such as this is a technical question and great weight must be attached to the expertise of the Patent Office on that issue, as has frequently been held by the Court of Appeals as well as by this Court. It seems clear to the Court that since the possibility of the use of low carbon steel with no or little nickel has been at least suggested in the Hodge Patent, a person reasonably skilled in the art could foresee the desirable features of such a combination, perhaps better than Hodge, and could manipulate the proportions without invoking the inventive faculty. The Court would reach this conclusion independently. But, in any event no reason is discernible for rejecting the decision of the Patent Office tribunals on that point.

In the light of the circumstances, the Court will render judgment for the defendant on the merits, dismissing the complaint, because the invention although useful was obvious under 35 U.S. Code, Section 103.

Counsel may submit proposed findings of fact, conclusions of law and a proposed judgment.